Citation Nr: 1513889 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 09-20 523 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for left hip degenerative joint disease. 

2. Entitlement to service connection for lumbar disc disease. 

3. Entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities.


REPRESENTATION

Appellant represented by: Elliott L. Dozier, Attorney at Law 


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

L. J. Vecchiollo, Counsel


INTRODUCTION

The Veteran served on active military service from April 1965 to March 1969. 

The appeal comes before the Board of Veterans' Appeals (Board) from an August 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

In November 2010, the Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge (VLJ). 

The issues on the cover page were previously before the Board in March 2011 and April 2013, when they were remanded for further development and consideration. 

This appeal was processed using the Veteran's Benefits Management System (VBMS). In addition to the VBMS file, there is a Virtual VA paperless claims file associated with the Veteran's claims.


FINDINGS OF FACT

1. The most probative evidence indicates a chronic left hip disability was not shown in service or for many years thereafter, and is not related to service or a service-connected disability. 

2. The most probative evidence indicates the Veteran's lumbar disc disease was not shown in service or for many years thereafter, and is not related to service or a service-connected disability.

3. The Veteran's sole service-connected disability, a right hip disability rated 10 percent disabling, does not prevent him from obtaining and maintaining substantially gainful employment.


CONCLUSIONS OF LAW

1. The criteria for establishing service connection for a left hip disability have not been met. 38 U.S.C.A. §§ 1101, 1110, 1112, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.310 (2014).

2. The criteria for establishing service connection for lumbar disc disease have not been met. 38 U.S.C.A. §§ 1101, 1110, 1112, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.310 (2014).

3. The requirements for establishing entitlement to a TDIU are not met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.340, 3.341, 4.15, 4.16, 4.18, 4.19 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (codified at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126 (West 2002)) redefined VA's duty to assist a claimant in the development of a claim. VA regulations for the implementation of the VCAA were codified as amended at 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2014).

The notice requirements of the VCAA require VA to notify a claimant of what information or evidence is necessary to substantiate the claim; what subset of the necessary information or evidence, if any, the claimant is to provide; and what subset of the necessary information or evidence, if any, the VA will attempt to obtain. 38 C.F.R. § 3.159(b) (2014). Compliant VCAA notice was provided by letter dated in February 2007. 

Concerning the duty to assist, the record also reflects that VA has made reasonable efforts to obtain relevant records adequately identified by the Veteran including service treatment records (STRs), service personnel records, post service treatment records, VA examination reports, employment information, and hearing testimony. 

Statements from the Veteran in the claims file indicate that he is receiving disability benefits from the Social Security Administration (SSA) for schizophrenia, which was diagnosed in 1981. The RO attempted to obtain the Veteran's SSA records, but SSA indicated that no records could be found. Accordingly, further attempts to obtain these records would be futile.

The Veteran was afforded a hearing before a VLJ in November 2010, during which he presented oral argument in support of his claims. In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) held that 38 C.F.R. § 3.103(c)(2) requires that the VLJ who chairs a hearing explain the issues and suggest the submission of evidence that may have been overlooked. Here, the VLJ identified the issue and the Veteran testified as to the events in service, his symptomatology, and his treatment and employment history. Neither the Veteran nor his attorney has asserted that VA failed to comply with 38 C.F.R. § 3.103(c)(2) or identified any prejudice in the conduct of the Board hearing. The hearing focused on the elements necessary to substantiate the claims and the Veteran testified as to those elements. As such, the Board finds that there is no prejudice to the Veteran in deciding this case and that no further action pursuant to Bryant is necessary.

The Board remanded the claim three times to obtain additional treatment records and schedule the Veteran for examinations or opinions. Treatment records were requested, and a VA opinion was obtained. The Veteran failed to report for the scheduled VA examination. The Veteran's attorney has not argued as to any deficiency in the development or in the medical opinion obtained. The agency of original jurisdiction (AOJ) has substantially complied with these remand directives such that no further action is necessary in this regard. See D'Aries v. Peake, 22 Vet. App. 97, 104-05 (2008); Stegall v. West, 11 Vet. App. 268 (1998). 

VA has substantially complied with the notice and assistance requirements and the appellant is not prejudiced by a decision on the claim at this time. See Pelegrini v. Principi, 18 Vet. App. 112, 121 (2004). Therefore, any such error is harmless and does not prohibit consideration of this matter on the merits. See Dingess, 19 Vet. App. 473 (2006); see also ATD Corp. v. Lydall, Inc., 159 F.3d 534, 549 (Fed. Cir. 1998).

II. Analysis

The Board has reviewed all the evidence in the record. Although the Board has an obligation to provide adequate reasons and bases supporting this decision, there is no requirement that the evidence submitted by the appellant or obtained on his behalf be discussed in detail. Rather, the Board's analysis below will focus specifically on what evidence is needed to substantiate the claim and what the evidence in the claims file shows, or fails to show, with respect to the claim. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) and Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000).

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under the laws administered by VA. VA shall consider all information and medical and lay evidence of record. Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

Service Connection Claims 

Service connection may be established for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. Evidence of continuity of symptomatology from the time of service until the present is required where the chronicity of a chronic condition manifested during service either has not been established or might reasonably be questioned. 38 C.F.R. § 3.303(b); see also Walker v. Shinseki, 708 F.3d 1331, 1340 (Fed.Cir.2013) (holding that only conditions listed as chronic diseases in 38 C.F.R. § 3.309(a) may be considered for service connection under 38 C.F.R. § 3.303(b)). Regulations also provide that service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d).
 
Generally, in order to prove service connection, there must be competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Pond v. West, 12 Vet. App. 341 (1999). 

Moreover, where a veteran served continuously for 90 days or more during a period of war, or during peacetime service after December 31, 1946, and arthritis become manifest to a degree of 10 percent within one year from date of termination of such service, such diseases shall be presumed to have been incurred in service, even though there is no evidence of such diseases during the period of service. This presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137 (West 2014); 38 C.F.R. §§ 3.307, 3.309 (2014).

Service connection may also be established for disability which is proximately due to or the result of a service-connected disability. 38 C.F.R. § 3.310(a) (2014). Further, a disability which is aggravated by a service-connected disability may be service-connected to the degree that the aggravation is shown. Allen v. Brown, 7 Vet. App. 439 (1995). However, VA will not concede that a nonservice-connected disease or injury was aggravated by a service-connected disease or injury unless the baseline level of severity of the nonservice-connected disease or injury is established by medical evidence created before the onset of aggravation or by the earliest medical evidence created at any time between the onset of aggravation and the receipt of medical evidence establishing the current level of severity of the nonservice- connected disease or injury.

In order to establish entitlement to secondary service connection, there must be competent evidence of a current disability; evidence of a service-connected disability; and competent evidence establishing a nexus between the service-connected disability and the current disability. See Wallin v. West, 11 Vet. App. 509, 512 (1998).

Initially, the Board notes that the Veteran is currently diagnosed with degenerative joint disease (DJD) of the left hip and lumbar disc disease. Thus, this case turns on whether these conditions are related to service or a service-connected disability. 

The Veteran claims that he injured his left hip and lumbar spine during his March 1968 motor vehicle accident in service when he sustained the right pelvic fracture, his only service-connected disability. However, his service treatment records reveal no left hip or lumbar spine complaints or treatment. Moreover, there were no complaints, findings or diagnoses of a left hip or lumbar spine condition on VA examinations in June 1970, March 1984, or April 1986, or in contemporaneous treatment records. 

Thus, there is no competent evidence establishing arthritis of the left hip or of the lumbar spine during service or within one year following discharge from service. Accordingly, competent evidence of a nexus between the claimed conditions and service or a service-connected disability is required to substantiate the claim for service connection. On the question of whether the current conditions are related to service, the preponderance of the evidence is against the claim. 

A VA joints and spine examination was conducted in June 2007. The Veteran described low back pain after lifting items greater than 35 pounds over the past 10 years, but denied chronic low back pain. He further denied any current left hip symptoms or complaints and declined examination at that time. The impression was lumbar disc disease and bilateral hip DJD based on x-rays. The examiner opined that based on a review of the Veteran's service treatment records, it was less likely than not that either his left hip or lumbar spine disorder was related to events that occurred during military service. In an August 2007 addendum, the examiner opined that it was at least as likely as not that the Veteran's right hip degenerative joint disease was secondary to his in-service trauma. He added, however, that he concurred with his prior opinion "that the left hip and spine are not."

A VA opinion was obtained in October 2014. The examiner indicated that based on review of the medical records, medical literature and clinical experience, there was absolutely no evidence of any left hip or lumbosacral spine problem during service or for many years following separation. In fact, during the June 2007 VA examination, a left hip problem was denied during service or for many years following separation. A chronic left hip or lumbosacral spine condition could not be established as beginning in service and a nexus could not be made. 

The Board affords great probative weight to the VA examiners' opinions that the Veteran's current left hip and lumbar spine disabilities are not related to service. Such opinions were based on examination of the Veteran and review of the claims file. The opinions are consistent with the evidence of record, and an adequate rationale was provided. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302-04 (2008) (holding that it is the factually accurate, fully articulated, sound reasoning for the conclusion that contributes to the probative value of a medical opinion). There is no probative medical opinion to the contrary

While the Veteran has at times reported having left hip and back problems in service, the Board finds the contemporaneous service treatment records and post-service examination records more persuasive and credible than the Veteran's assertions made for purposes of seeking monetary benefits. See Buchanan v. Nicholson, 451 F.3d 1331, 1336-1337 (2006) (the lack of contemporaneous medical records, the significant time delay between the affiants' observations and the date on which the statements were written, and conflicting statements of the veteran are factors that the Board can consider and weigh against a veteran's lay evidence); see also Cartright v. Derwinski, 2 Vet. App. 24, 25 (1991) (VA cannot ignore a veteran's testimony simply because the veteran is an interested party; personal interest may, however, affect the credibility of the evidence).

Accordingly, the Board finds that the preponderance of the competent and credible evidence is against a finding that the Veteran had arthritis of the left hip or lumbar spine during service or for many years thereafter, and the most probative evidence is against a finding that the left hip and lumbar spine disabilities are related to service; thus, service connection on direct and presumptive bases is denied. 

The Veteran also contends that, after years of pain connected with his service-connected right hip degenerative joint disease, he overcompensated in his body weight distribution causing the arthritic condition in his left hip and the degenerative changes in the lumbar spine. He testified in November 2010 that he had only seen VA doctors for his claimed disabilities and that no doctor had ever told him that his back and left hip disorders are related to his right hip disability.

The examiner who rendered the October 2014 VA opinion also stated that there was nothing to suggest that Veteran's mild DJD of the right hip could cause or aggravate DJD of the left hip or degenerative lumbar spine problems. The DJD of the left hip and degenerative lumbar spine problems were more likely age related and have nothing to do with the right hip. This opinion was provided following claims file review and provided an adequate rationale. Accordingly, the Board finds the opinion to be entitled to probative weight. There is no probative medical opinion to the contrary.

While the Veteran is competent to provide information regarding his experienced symptoms, he is not a medical professional competent to offer an opinion as to the nature or etiology of a hip or a lumbar spine condition, which requires medical expertise to determine. See Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007) (noting general competence to testify as to symptoms but not to provide medical diagnosis). Thus, his opinion that the disabilities were caused by his service or his service-connected right hip disability is simply not a competent medical opinion. The Board finds the opinion of the VA examiners to be significantly more probative than the Veteran's lay assertions.

Ultimately, except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under the laws administered by VA. 38 U.S.C.A. § 5107(a). The Veteran has not done so. 

Accordingly, the Board finds that the most probative evidence is against the claims for service connection for a left hip and lumbar spine disabilities on a direct, presumptive, and secondary basis, and the claim is denied.

In reaching the above conclusions, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable in the instant appeal. See 38 U.S.C.A. § 5107(b) (West 2014; Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-56 (1990).

TDIU

Under the applicable criteria, total disability ratings for compensation based upon individual unemployability may be assigned where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service-connected disability ratable at 60 percent or more, or as a result of two or more disabilities, provided at least one disability is ratable at 40 percent or more and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. See 38 C.F.R. §§ 3.340, 3.341, 4.16(a).

In his February 2007 TDIU formal application, the Veteran stated that he is unable to work due to nonservice-connected PTSD and his service-connected right hip disability. 

On VA examination in June 2007, the Veteran complained of constant and progressive pain in the lateral aspect of the right hip, which he said was worsened by cold damp weather; walking; and weight bearing. He further stated that he had difficulty with stairs, was unable to squat, and was unable to stand for more than 20 minutes or walk for more than a quarter of a mile. He denied any treatment, but admitted to occasional use of a cane. Physical examination of the right hip found no crepitus, deformity, erythema, effusion, or instability of the right hip, but there was tenderness. Range of motion testing found flexion from 0 to 105 degrees, with pain at 90 degrees; extension from 0 to 20 degrees, with pain at 15 degrees; abduction from 0 to 20 degrees, with pain at 20 degrees; adduction from 0 to 20 degrees, with pain at 20 degrees; internal rotation from 0 to 25 degrees, with pain at 25 degrees; and external rotation from 0 to 40 degrees, with pain at 40 degrees. There was no additional range of motion loss due to pain, weakness, fatigue, incoordination, or lack of endurance following repetitive use.

In this case, the Veteran does not meet the minimum percentage requirements set forth in 38 C.F.R. § 4.16(a) for award of a schedular TDIU. During the course of the claim, the Veteran's service-connected right hip disability is rated as 10 percent disabling. 

However, it is the established policy of VA that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. Therefore, in the case of veterans who are unemployable by reason of service-connected disabilities, but who fail to meet these schedular percentage standards, the case should be submitted to the Director, Compensation and Pension Service, for extra-schedular consideration. The Veteran's service-connected disabilities, employment history, educational and vocational attainment, and all other factors having a bearing on the issue must be considered. See 38 C.F.R. § 4.16(b).

For a veteran to prevail on a claim for a TDIU rating, the record must reflect some factor which takes the case outside the norm. The sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough. A high rating in itself is a recognition that the impairment makes it difficult to obtain and keep employment. The question is whether the Veteran is capable of performing the physical and mental acts required by employment, not whether the Veteran can find employment. See 38 C.F.R. § 4.16(a); Van Hoose v. Brown, 4 Vet. App. 361 (1993).

In determining whether an appellant is entitled to a total disability rating based upon individual unemployability, neither appellant's nonservice-connected disabilities nor advancing age may be considered. 38 C.F.R. § 4.19. The Board notes that the SSA granted the Veteran disability insurance benefits due to schizophrenia. 

The Veteran he has a high school general equivalency diploma and worked as an auto mechanic. In consideration of the Veteran's symptoms as demonstrated on examination, and in consideration of the Veteran's educational and vocational background, the Board does not find the Veteran's service-connected right hip disability to be of such severity as to preclude gainful employment. 

To the extent that the Veteran has alleged an inability to work due to right hip pain, the Board finds his assertions not credible, as they are internally inconsistent with many of his prior statements. In addition, they are inconsistent with the opinions of medical personnel of record regarding the reason why the Veteran is unemployable. 

Prior to his applying for TDIU in January 2007, the Veteran only related that he could not work due to his nonservice-connected psychiatric symptoms. He never mentioned any right hip disability when discussing his inability to get or maintain employment. In addition, no medical personnel have noted that he cannot work due to his service-connected right hip disability. For example, in a letter from a VA psychologist dated in February 1984, it was noted that the Veteran was considered unemployable because of his pre-occupation with fixed delusional beliefs which prevent concentration and appropriate social relations with co-workers. The treatment was only slightly effective in improving his condition but it failed to modify his delusional thinking. In a December 2002 VA treatment note, the Veteran stated that, after his separation from service, he became a pile driver but he could no longer work at that after having a nervous breakdown. In July 2003 correspondence, the Veteran stated that when he gets a job he has to leave it because he believes his coworkers are out to get him. In a July 2003 VA treatment note, the Veteran stated that he was helping out a friend remove an engine from one car and put in it in another. He was upset because he would have received a substantial amount of money for such work when he owned a gas station in the past. 

Given the Veteran's inconsistent reports, the Board finds his lay statements not credible. See Caluza v. Brown, 7 Vet. App. 498, 511 (1995) (the credibility of a witness can be impeached by a showing of interest, bias, or inconsistent statements).

In sum, the most probative evidence shows that the Veteran's service-connected right hip disability does not preclude gainful employment. Thus, referral for consideration of entitlement to a TDIU on an extraschedular basis is not warranted, and the appeal is denied.

In reaching the above conclusions, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable in the instant appeal. See 38 U.S.C.A. § 5107(b) (West 2014; Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-56 (1990).


ORDER

Entitlement to service connection for left hip degenerative joint disease is denied. 

Entitlement to service connection for lumbar disc disease is denied.

Entitlement to a TDIU is denied. 




____________________________________________
K. A. BANFIELD 
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs